Good morning, Your Honors. May it please the Court, Georgina Wakefield on behalf of Jorge Luis Nunez, and I'd like to reserve two minutes of time. Okay, watch your clock. Thank you. Supreme Court in Florida v. Harris was clear. A defendant must have an opportunity to challenge the reliability of a drug-sniffing dog, whether by cross-examination of the testifying officer or by presenting his own fact or expert witness. The Court did not condition cross-examination of the testifying officer on the defendant's presentation of his own evidence. Since your time is short, the Supreme Court said at page 247 of their opinion, the courts should allow the parties to make their best case consistent with the usual rules of criminal procedure. The defendant here did not file his affidavit pursuant to Rule 12. I think that's where the issue is. So it's not a blanket rule Florida v. Harris established. There's the issue of Mr. Nunez not complying with what Judge Walter found was Rule 12. So how do we deal with that? Well, I think there was substantial compliance with the local rule in this case. The defendant's motion identified that the defense had not received any information about the drug-sniffing dog, not even the parts of the car that it alerted to. The motion specifically requested an opportunity to cross-examine the handler under Florida v. Harris. When was that motion filed? That motion was filed on the deadline set by the court, which was two weeks after the trial-setting conference. The declaration attached to the motion was written by counsel, and it identified that there was outstanding evidence related to the drug-sniffing dog. And then in the reply, the defense counsel also identified that there was outstanding discovery and cited this court's decision in Thomas and said that the government was required to disclose the handler's log, the training records, all of those records that the court had identified in Thomas that the government was compelled to disclose when it relied on a drug-sniffing dog for probable cause. And then at the motions hearing itself, defense counsel identified that it had received the complete set of discovery the Friday before the Monday motions hearing and the Friday after Thanksgiving. Defense counsel made a preliminary offer of proof, was prepared to make a more substantial offer of proof, had the records there, prepared to move those records, was prepared to move those records into evidence, and also was prepared to cross-examine the handler who was a government witness and was there for the evidentiary hearing. So there was substantial compliance with the local rule. Could you please identify any evidence that accompanied your motion? The original motion? Yeah. I believe defense counsel's declaration included discovery that had been received so far. Discovery that had been received. But was there any affidavit or other declaration by any expert witness on behalf of the defense as to what facts were proffered to be proved? No, there was no declaration by a fact or expert witness because there hadn't been a disclosure of the dog's records at that point. So defense counsel's declaration and the motion noted that there had been no production of discovery related to the dog, and defense counsel did not even know at that point which part of the car that the drug had alerted to. So there was insufficient evidence and discovery at that time to make a showing in a declaration, and there was insufficient evidence to give to an expert witness at the time the motion was filed. I have a question as to whether local rule 12.1.1 applies at all to this situation when the government hasn't produced the documents regarding the canine's reliability, in particular with respect to the relevant search because the rule says, a motion to suppress shall be supported by a declaration on behalf of the defendant setting forth all facts then known. And I don't see, I think counsel set forth all facts then known to him in his declaration, but you had no way, you had knowledge of no other facts that you could have created a declaration. That's correct, Your Honor. There weren't facts then known that we could generate a declaration from and no witness without any facts to present a declaration on behalf of. What facts would you need to make a declaration? Well, for example, if the training records had been produced, those could have been given to an expert witness who could have put together a declaration and filed with the motion, but there was no discovery or facts with respect to the drug-sniffing dog. So I think the court is correct that there were no facts then known with respect to the drug-sniffing dog. But the defense had filed a motion prior to that November 25 cutoff, right? So it seemed to me, I'm not familiar with that court's precedent, but it seems to me you could ask for an adjournment to file another motion on the basis that you just received the records and you wanted to assert facts to challenge in that regard, correct? Correct. I think the court in this case did a detailed trial-setting conference where the government outlined its case and the relevant evidence that it had and it intended to prove. And based on that trial-setting conference and the information given by the government, the court set a very quick and condensed timeline. The motion was due, I believe, two weeks after the trial-setting conference. Trial was set for six weeks after the trial-setting conference. So everyone was operating under a very condensed time frame. But at the hearing itself, defense counsel was prepared to proceed. Defense counsel had the training records marked as an exhibit, made a preliminary offer of proof, and was prepared to proceed with cross-examination of the handler that day. So I don't know that an adjournment was needed under these circumstances. Where those records were prepared, cross-examination was prepared. The witness was present for the hearing. So why wasn't the witness put on the stand and testified? I believe the court did not permit cross-examination of the handling officer. It was a government witness, the handler, and defense counsel specifically requested to cross-examine the handler, the government's witness, and the court denied that request. Because none of this had been flagged previously in an affidavit under Rule 12. Correct, because there was no declaration. I mean, that was his rationale. Correct. And just one final point. The records were produced under protective order, so they had to be filed under seal. They could not be filed publicly or electronically over the weekend before the Monday morning hearing. All right. Thank you, counsel. May it please the Court, Ilana Artsin on behalf of the United States. The district court did not abuse its discretion in this case in declining to expand the scope of the evidentiary hearing to include a factual issue that was orally raised for the first time at the suppression hearing. And I'd like to stress at the outset that this would be a very different case if the defense had filed these training records, even tardily, if it had sought a continuance. How could the defense have filed records that the government hadn't produced until the Friday after Thanksgiving before the Monday of the hearing and produced under a protective order so they couldn't have been electronically filed? They could have been filed the day that they were received. They could have been filed on Monday. They were filed on the Monday morning. Well, the defendant never sought a continuance and never asked for a filing. He asked to cross-examine the handler. I think that could have been easily done. Cross-examine the handler. Everybody's there. The documents are there. Close the courtroom and let them put on their case. Your Honor, this Court has consistently found no abuse of discretion in declining to hold an evidentiary hearing where the defendant fails to comply with local rules similar to the one here. Well, I don't. Would you answer my point about I don't see how, since they don't have the records, they can't file a declaration other than what they filed because they don't have then-known facts. Suppose they had gotten the records in a timely way and they maybe decided they didn't have grounds to make a motion to suppress. Then this whole thing wouldn't have happened, but they didn't know whether or not the dog had alerted in the same manner that it typically alerted or not. Your Honor, apart from the local rule, this Court's cases have consistently held that a hearing is required only when the moving papers present evidence that would permit the Court to determine. How could the defense present any evidence from their own expert what training was insufficient or what alerting was false unless they knew what dog you were using and what training the dog had? Well, the only issue here was whether the dog's behavior constituted an alert, and the defense claim was that the training records showed that the dog was trained to alert passively and had alerted actively. The training records could have been filed if there was a problem getting them. They were filed Monday morning. Now, by the way, let me ask you, how come they were produced on the Friday after Thanksgiving to the defense? Why weren't they produced sooner? Your Honor, the defendant did not make a request for these records until the day that he filed his suppression motion. What day was that? That was November 9th. And that was well before Thanksgiving? The government immediately sought to obtain the records and advised the defense that a protective order would be required, sent a protective order, didn't find out until the defendant filed his reply brief that the defendant didn't think a protective order was necessary and wouldn't file it. That was on the 22nd. So as soon as that happened, the government contacted the defense to inquire what happened and sought a protective order. Your position is the delay in the defense finding out about the dog and the training and the alerting was due to the defense not agreeing to have the records sealed. Is that your point? Or advising the government that there was an issue so that the court could move so that the government could move for the protective order and turn over those records. And what's the basis for the protective order that you sought? Your Honor, there is no dispute about the factual finding that was made in the protective order.  Well, the court found that public dissemination could adversely affect the efficacy of the training. And you couldn't have gone to the court and gotten that protective order instead of just resting on a dispute with defense counsel? You got the protective order from the court, right? Yes, but the government didn't know there was a dispute with defense counsel until the 22nd when defense counsel stated in his reply papers that he wasn't going to sign the protective order. And I would note at ER 130, the government had no reason to believe there was going to be a problem here because two weeks earlier in a very similar case, the government and the public defender's office had agreed to the exact protective order that the government proposed in this case. So the government didn't have any reason to believe there was going to be a problem, moved expeditiously to get the records. But again, the defense didn't move for continuance. And the question is, does the court have to fly blind here when we have rules that are here for a good reason? They're here not just to allow the court to, you know, efficiently handle its cases, but also to determine whether there is a contested issue of fact and determine whether those training records actually support the claim that was made here, which they do not. And if the court had looked at the training records, it would have determined that they did not. But the purpose of this rule is to allow the court to determine whether there is a factual issue that requires an evidentiary hearing. So your position is that if the defense had not, if the defense had agreed as it had before to a protective order, you would have produced the records before the 22nd? We produced the records as soon as we got the protective order. And if we had known earlier that they weren't going to agree, then we would have sought the protective order as we did and turned over the records as soon as we got them. Did the prosecution suggest that perhaps a continuance was in order? No, but neither did the defense. And the defense never sought a continuance. And again, that would be a very different case. So the district court was flying blind, as it stated, and it did not abuse its discretion. Under this court's longstanding case law, even apart from the local rule, such as Howell, stating that even if the government does have the burden of demonstrating probable cause, the motion still must present disputed facts to determine whether an evidentiary hearing is necessary. I'd also like to take a few minutes to discuss harmlessness. And again, the only claim that was really made here was that the dog's behavior did not amount to an alert. And the reason for that was supposedly that the dog did not sit, which is what it was trained to do. This court considered a very similar issue in the Thomas case. And the parties have discussed the Thomas case for a different issue, having to do with whether the government is required to turn over dog discovery under Rule 16. But there was a second issue in that case that is pertinent here, and it involved very similar facts. That was also a search of a car at a secondary inspection. The dog came to a toolbox in the defendant's truck. It jumped up and placed its paws on the vehicle and pressed its nose against the toolbox. But it did not sit, and it was trained to give passive alerts. And the defendant claimed that there was no alert because the dog never sat and therefore gave just untrained responses. This court rejected that claim and said there's no rule requiring a final indication. You look at whether that signaling behavior under all the facts and circumstances constitutes an alert, because probable cause is measured in reasonable expectations and not certainties. I would submit here that the dog's actions were unambiguous. This is not a question of whether the dog perked up its ears enough or whether, you know, it was panting because it was tired. The conduct was absolutely unambiguous. The dog jumped on the driver's window when it was a door, when it was placed inside the car. It jumped over two seats into the third seat, grabbed the handle of a bag. That was the bag that contained the meth. Under any objectively reasonable view of the facts, those actions sufficiently demonstrated an alert to support probable cause, even if it is true that the dog was not specifically trained in that behavior. And again, I would submit that Florida v. Harris made very clear that probable cause in this context is determined the way it is in every other context, and that is whether all of the facts and circumstances would allow a reasonably prudent person to believe that there's evidence of a crime. When you look at this alert, even if it was something less than a full alert, that behavior in conjunction with the defendant's false statements about not having been in Mexico when that was clearly contrary to the records, as well as all of the conduct supporting reasonable suspicion, when you put all of that together, there is just no reasonable view of the facts that there was not probable cause here. And therefore, there was no evidentiary hearing necessary. There are no further questions. But, you know, the Court, as I read the transcript, the Court was conducting an evidentiary hearing. At least one witness testified. Well, correct. But the scope of the evidentiary hearing did not need to extend to that issue if there was no disputed fact on that issue. The issue on which... The Court didn't even have to do that. I mean, based on the 12A1.1 affidavit, there was nothing that would have required or triggered Judge Walter to have an evidentiary hearing, but as an accommodation or in good faith, he gave one and allowed cross-examination of this fellow, Rivera, who talked about what happened at the stop, right? Yes, I would agree with that. And then the issue of the dog came up and he says, no, I don't have any of this in front of me. We're going to stop it here now. I would agree with that, Your Honor. There were a number of documents submitted relating to whether there was reasonable suspicion for the stop. And the Court said, I've reviewed all of those records and I have an understanding of that evidence. What is the disputed issue? And the Court said, but I don't have any evidence in front of me on this dog sniff issue. And it was not an abuse of discretion to limit the scope of the hearing and exclude that issue. You're over your time. Thank you, counsel. You have a couple of minutes. Thank you. What was the reason that you didn't agree to the protective order? I believe in the reply papers, defense counsel identified that there were public decisions from this court and public information about how drug sniffing dogs are trained. When did you transmit that information to the prosecution? I believe it was transmitted in the reply brief. And when was that filed? That was filed on November 22. On November 22? Yes. And that's when they went and got an ex parte order regarding protective sealing? They requested the order on November 25. On 25th? Yes, and the Court signed it that day, and that was the Friday. Can I focus one thing? Okay, there's perhaps bad communication between the lawyers. Perhaps we criticized the government for late disclosure or whatever the case may be. But the district judge wasn't involved in that. The district judge grants a hearing and cross-examination on Monday morning, and then, as we heard, he's confronted with all this stuff that had occurred out of court and says, I don't have an affidavit, I don't have any facts, I don't know what's going on here, my time's limited, so we're going to dispense with that. Knowing what we do about Florida v. Harris and knowing what we know about what district judges are required to do, what's the legal error that the district court made here? Well, I think the district court erred by not permitting cross-examination of the dog handler. But the judge is trying to move the docket. There's no request for an adjournment. The documents are there. I mean, I don't see this as mendacious or bad-spirited efforts on behalf of the district judge. He didn't know what was going on. Why do we have to reverse him for what all happened beforehand outside of court? Well, defense counsel put this issue in front of the judge with the original moving papers. Those papers identified that it was insufficient. It was an allegation of counsel. There were no parties, facts, statements under oath, any of those types of things. That's what led him to the position he was in, the judge. Yes, and the declaration of counsel identified that there was outstanding discovery and no discovery had been produced with respect to the drug-sniffing dog. So there were no facts then known to defense counsel to put in a declaration. Thank you. Thank you. Thank you, counsel. United States v. Nunes will be submitted, and we'll take up United States v. Mora Rivera.
judges: Wardlaw, Bea, Murphy